Read, J.
Our statute fixes no age within which a person is incapable of committing or attempting to commit the crime of rape, the common law presuming that an infant, under the age of fourteen years, is unable to commit the crime of rape, and therefore he can not be guilty of-it, or of an assult with intent to commit a rape; and, if he be under that age, no evidence is admissible to show that, in point of fact, he could commit the crime. This has been the established law of England for many hundred years, nor has it been departed from in the United States, except in a single instance in the State of Massachusetts, where it was held that a boy under the age of fourteen years could be convicted of an attempt to commit this offense. This' doctrine proceeds upon the ground of impotency, rather than want of discretion; because all persons, infants and even females, may be convicted of aiding and assisting in this offense, as well as in other fcrimes, if there be proof-that the infant had a mischievous discretion. The question is, shall this presumption of the common law prevail in Ohio, to exempt the person under fourteen years from punishment for the actual commission of a rape or an attempt to commit a rape? And if not, to what extent will it bo recognized? And will proof of positive capacity to commit the offense, authorize the/conviction of a person under the age of fourteen years of the crime of rape, or an attempt to commit it ?
We admit that we have much hesitation in departing from long established principles of law, which have had the sanction of the wisest judges and the test of years. But the principles of the common law respecting evidence of the capacity to commit crime, are founded in the very reason of things, the ^nature of man and social life, and are adopted from their innate truth and good sense. Those principles of law which are of binding *227 force only from the authority of truth, may be justly styled the perfection of reason ; and the obligation of the rules of the common law having this foundation, it is a maxim that, when the reason out of which the rule given ceases, the rule itself ceases. '
Rape is defined to be the having unlawful and carnal knowledge of a woman, by force and against her will. To constitute this , carnal knowledge, there must be both penetration and emission; both these are necessary elements in the crime of rape. Hence, before an infant has arrived at the age of puberty, or before, by the physical laws of human nature, he can emit seed, he is incapable of committing the crime of rape. If, then, it be a fact that, prior to the age of fourteen, an infant is incapable of emission, the rule of law which fixes that as the age within which an infant can not be convicted of rape, or an attempt to commit it, is founded in' reason, and is of binding authority ; because it proceeds upon the fact that the infant has not committed the crime and could not commit it. If it were an invariable law of human nature that an infant under the age of fourteen years could not emit seed, it would be a reasonable rule that evidence should not be permitted to contradict it; because it would be worse than idle to introduce evidence to contradict that which is necossariiy true.
But if,0in a vast majority of cases, infants under the age of fourteen years, are incapable of emitting seed, then it is a reasonable and necessary presumption of law that any named infant under that age is incapable of committing the crime, and the presumption is strong or weak just in proportion to the rareness or frequency of the exceptions. Now, in the moist and cold climate of England and most of the countries of northern Europe, it is so seldom that an infant under the age of fourteen is capable of emission, that it is assumed as a fact that, prior to that age, he is never óapable ; and hence, under that age,no one can be convicted of rape. This rule there *may have reason. But, in tropical climates, where the male usually arrives at puberty before the age of fourteen, the rule, instead of being founded in reason, would contradict both reason and fact. It is an admitted law of physiology, that climate, habit, and condition of life have much influence in hastening or retarding the age of puberty. Different races of men differ as to the age of puberty.
In our climate, the age of puberty is frequently earlier than in that of England or the more northern states of this Union. We *228 have among us almost every variety of the races of men. To adopt the rule, then, which exists in England and more northern countries, where the climate, condition, and habits of the people are different, and the population mostly of one race, would not only be a departure from reason and good sense ; but would be in violation of the statute itself, by withdrawing persons who had actually violated it, from punishment. In England they do not propose to permit guilty persons to escape, but assume the physical impossibility of an infant under fourteen years being capable of being guilty. In our state, we know that many infants under fourteen are capable of being guilty; but that a majority are not capable, under that age. Hence we are compelled to suit the rules of law to the fact, as the rule itself has no authority but in fact. The reason of the rule, excluding proof that an infant under the age of fourteen years is capable of committing the crime of rapé ceasing, the rule itself ceases. Modified, then, to our oyn circumstances and condition, tho law is this: An infant under the age of fourteen years is presumed to be incapable of committing the crime of rape, or an attempt to commit it; but that presumption may be rebutted by proof that he has arrived at the age of puberty, and is capable of emission and consummating the crime.
The. charge of the court below was therefore correct; and we refuse to reverse the judgment.