Scott, J.
This is a petition in error to reverse a judgment of the district court of Huron county, by which a judgment of the court of common pleas of the same county was reversed. And the question in the ease is whether there was such error in the proceedings and judgment of the court of common pleas as to justify a reversal thereof by the district court.
The original action in the common pleas was brought by the defendant in error against the plaintiff in error, and one John Wills, as joint makers of two promissory notes. Bragg, the plaintiff in error, answered separately, denying the execution of either of the notes, and alleging that the signature *410 to each of them, purporting to be his, was wholly unauthorized, and a forgery.
Upon the trial, by a jury, of the issue thus made, a bill of exceptions was taken by the plaintiff below, from which it appears that the defendant below, “upon the jury being sworn, and in compliance with a notice in writing served upon him by the plaintiff, produced in court for the use of the plaintiff, among other documents, an original chattel mortgage, executed by the said Wills to the said Bragg, and sworn to before B. P. Smith, a notary public. The plaintiff then introduced Lemuel Long, the payee of the notes upon which the action was brought, Wm. R. Little, and others, who were sworn as witnesses in the case, and who severally gave testimony tending to prove the issue on the part of the plaintiff, and to establish the genuineness of the signature purporting to be that of said Bragg to the disputed notes; and to enable the plaintiff further to prove the genuineness of the signature purporting to be that of said Bragg to the disputed notes in suit by comparison of handwriting, through the testimony of experts, the plaintiff offered in evidence to the court said original chattel mortgage and affidavit, and at the same time, and in connection therewith, an original promissory note purporting to be made by the said Wills and Bragg to Luther Avery, and to be signed by said Wills and Bragg severally, and also to prove by the said Avery, who was present in court, that the said original note so purporting to be made to him was the same described in the condition . of said chattel mortgage; and at the same time, and in connection with said note, and said chattel mortgage, the said plaintiff offered to prove by a witness, then present in court, that the property mentioned in said chattel mortgage had been given up to said Bragg as security to him for his liability upon said note to said Avery, and other notes mentioned in said chattel mortgage. The claim of the plaintiff was, that the defendant Bragg, by taking said chattel mortgage, making the affidavit thereto attached, and afterwards receiving the property mortgaged, was estopped from denying that the Avery note was signed by him; but the defendant Bragg *411 objected to tbe receiving of said Avery note in evidence for tbe purpose aforesaid, for tbe reason he did not, as be claimed, in fact sign said Avery note; bis objection was sustained by tbe court, and said Avery note was not received in evidence, to which ruling of tbe court tbe plaintiff excepted.”
Tbe jury having rendered a.verdict for the defendant, tbe plaintiff below moved to set tbe verdict aside, and grant a new trial, for tbe reason, among others, that tbe court erred in excluding tbe Avery note, and the testimony of said Avery and B. P. Smith in connection therewith. This motion was overruled, and judgment rendered for defendant. This judgment was reversed by tbe district court, on tbe ground of supposed error in excluding tbe Avery note offered by tbe plaintiff below, to be used as a standard of comparison in determining tbe genuineness of tbe signature of the name of defendant Bragg to tbe notes in suit.
Did tbe court of common pleas err in refusing to allow said note to be thus used, under tbe circumstances stated in the bill of exceptions ?
Unless tbe bill of exceptions is to be construed as meaning much more than its language necessarily imports, tbe court of common pleas, clearly, did not err in excluding, or refusing to admit, tbe Avery note as a standard of comparison. No evidence was in fact given to identify tbe note in question with any of tbe notes referred to in the chattel mortgage. Nor does it appear that any evidence offered for that purpose was excluded by tbe court. It was not tbe duty of tbe court to admit tbe Avery note for tbe purposes of comparison, upon tbe mere offer of tbe party presenting it, to make tbe necessary showing in regard to identity. The showing should in fact have been made, or tbe offer to make it have been over-l-uled, in order to constitute ground of complaint. But bad tbe proposed evidence in regard to tbe identy of this note been in fact submitted to tbe court, would tbe genuineness of tbe signature of Bragg to tbe Avery note have been thereby so conclusively shown as to render it a proper standard of comparison? We think not. Bragg did not admit, but denied that bis signature to the Avery note was in bis own *412 proper handwriting. Unless written by himself, it manifestly could not be used by the jury, or by experts, as a standard with which to compare the disputed signature to the notes in suit. This Avery note was not one of the papers in the case then on trial, and not being admitted by Bragg to be in his handwriting, it was the duty of the court not to permit its introduction as a standard of comparison, until it was proved clearly, and beyond a reasonable doubt, to be, as the plaintiff claimed, the proper handwriting of Bragg. The plaintiff did not offer, nor did he propose to offer, any evidence tending directly to prove this fact. He only proposed to show a state of facts which, as he claimed, would estop Bragg from denying that his signature to the Avery note was genuine. The chattel mortgage which Bragg had accepted from "Wills, and which was offered in evidence, contained a recital that Bragg had “ signed and.become liable to pay for said Wills,” this same Avery note; and Bragg’s affidavit appended to the said mortgage stated that he was a l)ona-fide accommodation maker of the note for said Wills. Such a state of facts might estop Bragg, as against certain parties, from denying that the signature of his name to the A very note was legally his, or that he was bound thereby; but it is not even an admission, as against any one, that the signature to this note was in his own handwriting. The recitals of the mortgage and the language of the affidavit are both consistent with the idea that Bragg’s name was signed to the note by another person by his direction, or under authority given by him, or that it may have been so written without authority, and subsequently been adopted and ratified by him. The papers offered in evidence,'and the facts proposed to be proved in connection therewith, tended strongly to prove that Bragg had admitted and recognized his signature to the Avery note as valid and binding upon him. This he did not deny upon the trial, but did deny that the handwriting was his. No direct evidence bearing on this question of handwriting was offered by the plaintiff. It was the province of the court to determine whether the proposed standard of comparison had been fully shown, beyond a reasonable doubt, to *413 lie the handwriting of the defendant. So long as this fact remained at all doubtful,' it was the duty of the court not to allow the paper to go to the jury, or be exhibited to witnesses, as a standard of comparison. This, we think, is so, as well upon principle as upon authority. 1 Greenleaf's Ev., sec. 581; Commonwealth v. Eastman, 1 Cushing, 217; Martin v. Maguire, 7 Gray, 178; McCorkle v. Binns, 5 Binney, 340.
We think it improper to relax the rule upon this subject as stated in Calkins v. The State, 14 Ohio St. 222, where it was held that though standards of comparison may be used by experts called as witnesses, upon the tidal of an issue as to the genuineness of a signature, yet that the standard of comparison, when not a paper already in the case, or admitted to be genuine, must be proved by persons who testify directly and positively to its having been written by the party.
Judgment of district court reversed, and that of common pleas affirmed.
Bbinkeehoff, C.J., and Welch, White, and Day, JJ., concurred.