Gtlmore, J.
The defendant below (plaintiff in error), was indicted and tried at the May term, 1877 of the *112 Court of Common Pleas ■ of Knox county, for murder in; the first degree. The plea was “not guilty.” The defendant was found guilty of murder in the first degree, and the-sentence of death pronounced against him.
Motions in arrest of judgment and for a new trial were made and overruled, and a bill of exceptions taken by the-defendant embodying all the testimony. A number of errors are assigned upon the record. Such of them as are-deemed worthy of consideration will be disposed of without reference to the order in which they are assigned.
First. By a motion in arrest of judgment, which was-overruled, this question is raised: Was there any law in force authorizing the grand jury to indict, and the Court to-try and sentence the defendant ?
The crime was committed June 15, 1877. The indictment was found June 18,1877, and the defendant tried and sentenced in August, 1877. ' -
The statute defining murder, which was in force when-the crime was committed, was the act of May 7,1835. This act was repealed by the crimes act of May 3, 1877, which, by its terms took effect July 1,1877, and there is no saving clause or other express provision in this act, as to crimes-committed prior to the time it took effect.
In Calkins v. The State, 14 Ohio St., 222, it was held that; “ When a ei’imnal statute is repealed, and there is no provision in the repealing statute saving offenses or pending-prosecutions under it, no conviction, after such repeal, can be legally had under such criminal statute.”
It is claimed that the case before us falls within this rule,, notwithstanding the act of February 19, 1866 (S. & S. 1), which, it is said, does not save the crime.
The act last referred to reads as follows : “ Whenever a-statute is repealed or amended, such repeal or amendment shall in no. manner affect pending actions, prosecutions, or proceedings, civil or criminal; nor causes of such action, prosecution, or proceeding existing at the time of such amendment or repeal, unless otherwise expressly provided, in the amending or repealing act.”
*113 ¥e think the first clause of this act clearly saves the right of the state to proceed against the defendant in this case. The indictment had been found and the prosecution was pending at the time the act repealing the act under which the defendant was indicted took effect, and, therefore, falls within the express words of this clause. The latter clause of the act would have had the same effect, if the defendant had been indicted after July 1, when the act repealing the act in force when the crime was committed took effect. The phrase, “ causes of prosecution,” is somewhat vague, and if standing alone, its meaning might not be easily ascertainable; but when applied to criminal prosecutions, standing as it does in connection with “ causes of action in civil cases,” there can be no doubt as to the sense in which it is used in the act. A statutory cause of action in a civil case, is that given by the statute and upon which the action is based. So in this statute, the phrase “ cause of prosecution” must be held to mean the offense or crime defined in the statutes, and which gives rise to the prosecution. The legislators probably had the case of Calkins in their mind when the act in question was passed, and the intention was to prevent a recurrence in the future of what occurred in that case. No violence is done to the words of the statute in the construction we give it, and which at the same time gives effect to the legislative intent.
In the repeal of criminal statutes, it might be better, in the repealing act, to expressly save to the state the right to prosecute offenses committed while the act repealed was in force; but we have nothing to do with the policy of legislation. The laws, as we find them, must be enforced. The motion in arrest of judgment on this ground was properly overruled.
Second. The court permitted the jury to separate at each adjournment, during the progress of the trial, without being in charge of an officer, until the case was finally submitted to them. This is assigned for error. •
It may be conceded that in England, and in almost every *114 state in this country, the law forbids, or the practice is not to permit the jury, in capital cases, to separate after being sworn; still it is not erroneous in this state to permit the jury to so separate, if it is a matter discretionary with the court trying the cause.
That it is thus discretionary, sufficiently appears from the provisions of the criminal code on the subject, which, after providing that the jury must be kept together after a ease is finally submitted to them until they agree upon a verdict, further provides as follows:
“If the jurors are permitted to separate during the trial, they shall be admonished by the court that it is their duty not to converse with, nor suffer themselves to be addressed by, any person, nor to listen to any conversation on the subject of the trial, nor to form or express an opinion thereon, until the cause is finally submitted to them.” Ohio L. vol. 74, p. 352.
But if any doubt can remain after reading the above provisions as to the legislative intent on the subject, it will be removed by referring to the previous legislation on the same subject. • ”
Section 164 of criminal code, passed in 1869, among other things provided : “ In the trial of felonies the jury shall not be permitted to separate after being sworn, until discharged by the court.” It is known that this provision caused general dissatisfaction and complaint throughout the state. The consequence was that in 1871 the provision just quoted was repealed, and the provision, as it now stands, by re-enactment, substituted in its place. 68 Ohio L. 5.
If it had been the intention of the legislature to have made the trial of capital cases an exception to the general rule, it would have been expressly done. There being no exception as to such eases, they fall within the general rule established by the act, which leaves the matter, as to the separation of the jury after being sworn, and before the cause is finally submitted to them, in all criminal trials, to the discretion of the court trying the cause.
It is admitted that the court gave the jury the required *115 admonitions, and it is not claimed that the jury misbehaved in any respect, or that the defendant was in fact prejudiced by the separation of the jury.
In some districts in this state, juries in capital cases are not permitted to separate after being sworn. In many cases this is certainly proper, especially in cases in reference to which there exists strong partisan feeling or an excited state of the public mind, by which the jury, if permitted to separate, might be unconsciously impressed and influenced. It is, however, a matter résting in the sound discretion of the court trying the case.
Third.' On the trial the state produced to the jury testimony tending to prove all the allegations of the indictment. The defendant admitted the killing, but set up the defense of insanity, and produced to the jury testimony tending to.prove that he was insane at the time of the homicide. Evidence in rebuttal, tending to prove the sanity of the defendant at the*time, was introduced by the state.
On this subject the court charged the jury as follows:
“ To defeat the legal presumption of sanity, which meets the defense of insanity at the threshold, the burden of establishing mental alienation of the accused affirmatively rests upon the accused.”
The counsel for the motion admits “that this is held to be the law in Ohio,” but ably argues that it is not good law.
If the question was an open one a majority of *the court would be in favor of the rule as it stands, and in as much as the rule has been so long established and so repeatedly recognized in this state, as shown by the cases below cited, the court is unanimous in the opinion that it should not be changed by judicial action. Clark v. The State, 12. Ohio, 483; Leoffner v. The State, 10 Ohio St. 599; Silvus v. The State, 22 Ohio St. 90; Bond v. The State, 23 Ohio St. 349; Weaver v. The State, 24 Ohio St. 584.
Fourth. The defendant moved the court for a new trial on the ground that the verdict was against the evidence, which motion was overruled, and this is assigned for error.
*116 We have examined the testimony, and are'of the opinion that the verdict that was found by the jury is fully sustained by it.

Motion overruled.