Okey, J.
The question presented is whether infants committed to the house of refuge and correction, Cleveland, under Rev. Stats. § 3050, subdivisions 1 and 2, for “ incorrigible conduct,” are committed “for offenses against a law of the state,” as those words are employed in Rev. Stats. § 2071. And we are clear in the ojfinion that they are not. An offense against a law of the state is an act punishable as a crime under a statute.
In Ex parte Christmas, 10 West L. Jour. 541, there is an elaborate opinion to show that a prosecution by peace warrant, which is a proceeding to prevent the commission of crime, was, by a liberal construction of the act relating to the jurisdiction of the probate- court, embraced by the words “ crimes, offenses or misdemeanors;” but this court, on well settled principles, held otherwise. The State v. Brazier, 37 Ohio St. 78. *271 It is not allowable to interpret that which has no need of interpretation ; and that rule should always be applied where, as here, the language of the statute is plain, its provisions in harmony, and the enforcement of the act, according to its terms, will not lead to absurd results. Hathamay’s Will, 4 Ohio St. 383; Scott v. Hickox, Lawler v. Burt, 7 Ohio St. 88, 340; Harbeck v. Toledo, 11 Ohio St. 219; Calkins v. The State, 14 Ohio St. 222.
If, as claimed, the statute operates unjustly on the city of Cleveland and others in like condition, the legisture should amend it.

Motion overruled.