## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JULY TERM, 1864, AT JEFFERSON CITY.

———◄••►———

JEFFERSON T. ROGERS, Plaintiff in Error, *v.* THE PACIFIC RAILROAD, Defendant in Error.

*Slaves—Statutes—Repeal.*—The repeal of the act of February 27, 1855, (Sess. Acts 1855, p. 169,) concerning the transportation of slaves, &c., by the act of February 4, 1864, (Sess. Acts 1864, p. 41,) did not affect actions already commenced. (R. C. 1855, p. 1021–2, § 1.)

*Error to Cole Circuit Court.*

*E. B. Ewing* and *Belch*, for plaintiff in error.

This action is not affected by the repealing act of the Legislature, relied on by defendant. See "An act concerning law," Art. 3, R. C. 1855, p. 1021–22, and "An act concerning the Revised Statutes," §§ 14, 15, 16, R. C. 1855, p. 1025.

*Wm. N. Grover*, for defendant in error.

I. The repeal of the act under which the suit was brought takes away and entirely destroys the right of action, unless

it can be shown that the alleged right of the plaintiff was a *vested right* within the well known definition of that term, or unless his alleged right was maintained and continued in force by some provision of constitutional or statute law superior to the act of repeal.

It will be observed first, that the act is highly penal, and the penalty is given without prejudice to the owner's right of action at common law.

The common law affords an ample remedy for all actual damages which slave owners may have sustained by wrongfully carrying away slaves; and the statute in question, in addition thereto, gives double the value of the slave for every act of transportation of a slave, without regard to the fact whether or not the slave be thereby lost to the owner. From this it appears, that in case of actual loss of the slave by a single act of transportation, the owner may recover of a railroad company three times the value of the slave; double the value in a suit under the statute, and the single value in a suit at common law.

It is conceded that the repeal of a statute cannot deprive a party of a right already vested under it; but it has been often held, and is undoubted law, that a penalty to a prosecutor is not a vested right, and that equitable constructions are never extended to penal statutes, or mere arbitrary regulations of public policy. (4 Mass. 473 ; 18 Maine, 109 ; 1 Gall. 177 ; 4 Ala. 493.)

The following cases decide that by the repeal of a statute all right of action under it is gone, and they were all cases where private prosecutors were suing. (Thompson v. Bassett, 5 Ind., Porter, 535 ; Pratt v. Jones, 25 Verm. 303 ; Sace v. Gurney, 34 Maine, 14 ; Pope v. Lewis, 4 Ala. 493 ; Broughton v. Br. Bank, 17 Ala. 828 ; Engler v. Shurts, 1 Manning, Mich., 150.)

In the following cases, the statutes under which the proceedings were brought were repealed pending the suits, and it was held that the repeal of the statutes extinguished the suits. (34 Me. 14 ; 26 id. 453 ; 5 Parker, 535 ; 4 Ala. 487.)

Upon the general proposition, that after the repeal of the law creating the offence no penalty can' be enforced for the violations of its provisions, the following cases are cited, all being more or less directly upon the point, and all supporting the view herein expressed. (5 Cranch, 281; 6 id. 329; 7 id. 112; 1 N. H. 61; 10 Pick. 37; 11 id. 350; 21 id. 374; 6 Cranch, 203; 2 Dann. 330; 6 Wend. 526; 3 Peters, 57; 3 How. U. S. 534; 16 id. 369; 10 Wheat. 287.)

But the case of Norris v. Crocker, 13 How. U. S., covers the whole ground. This was a suit brought under the 4th sec. of the Act of Congress of 1793, respecting persons escaping from the service of their masters, which provides, 1. That any person who shall knowingly and wilfully obstruct, or hinder a claimant, his agent or attorney, in arresting a fugitive from labor; or, 2. Shall rescue the fugitive from the claimant, his agent or attorney, after he has been arrested; or, 3. Shall knowingly and wilfully harbor or conceal the fugitive, knowing he is such, shall, for committing either of said offences, forfeit and pay the sum of five hundred dollars, which penalty may be recovered by the claimant for his own benefit, and reserving also to the claimant his right of action in damages for the actual injuries he may have sustained, be they more or less.

During the pendency of the action in the Circuit Court of the United States for the district of Indiana, the fugitive slave law of 1850 was passed; and at the trial two questions arose upon which the case was carried to the Supreme Court of the United States. They were, 1. Whether the 4th sec. of the act of 1793, respecting persons escaping from the service of their masters was repealed, so far as it relates to the penalty, by the act of 1850, upon the same subject. 2. Whether, if the act of 1793 was repealed as to the penalty, the repeal would bar an action that was pending at the time of the repeal. The Supreme Court decided both questions in the affirmative.

In the opinion by Catron, Justice, he says the second question *presents no difficulty*. The suit was pending below when.

the act of 1850 was passed, and was for the penalty of five hundred dollars, námed by the 4th sec. of the act of 1793. As the plaintiff's right to recover depended entirely upon the statute, its repeal deprived the court of jurisdiction over the subject matter. And in the next place, as the *plaintiff had no vested right in the penalty, the Legislature might discharge the defendant by repealing the law.*

The act of 27th February, 1855, gave a mere naked right; the repealing act took away that naked right. It was competent for the Legislature to give the right and to take it away. It cannot be said that the plaintiff is injured in any legal sense, by taking away his naked right. He was not directly consulted in the passage of the law, nor in its repeal. The object of the law was not to put money in his pocket, but to punish the unauthorized removal of slave property. If plaintiff has lost his slave by the act of defendant, his common law remedy is ample for the value of the slave lost.

II. Is there any provision in the constitution or statute law of the State which prevents this repealing act from having the full effect claimed for it of absolutely barring the plaintiff against the further prosecution of this suit? Upon this point plaintiff says he is not barred, because his rights are saved by the 17th sec. of 13th art. of the Constitution, by sec. 1 of art. 3 of the Act concerning Laws (R. C. 1855, p. 1021-2), and by sections 14, 15 & 16 of the Act concerning the Revised Satutes. (Id. p. 1025.) I do not suppose that this repealing act can be shown to be retrospective in its operation within the meaning of the constitution. So far as the 14th, 15th & 16th sections of chap. 96 of the R. S. of 1855 are concerned, I do not suppose they have any bearing whatever upon the question at bar. It seems to me they should be confined in their construction to the object which the Legislature clearly had in view, which seems, from the title and whole context and scope of that act, to have been simply to provide against any inconveniences that might arise from *that revision* if such provisions were not inserted.

This brings us directly to the question, how far this sec-

tion is binding upon future Legislatures as a *rule* of construction ; and if binding upon future legislation, what is its precise effect ?

The attention of the court is called in this connection to the fact, that the law under which this suit is brought, is not contained in the Revised Statutes of 1855. The act of 27th February, 1855, was undoubtedly a law of public, general and permanent nature. By the 2d sec. of the 96th chap. R. C. p. 1023, all such laws were required to be published.

If this highly penal act was continued in force after the revision, or intended to be, what evidence have we of it ? The volumes which were required to contain, and which are said to contain, the whole body of laws, do not contain it. Was it in force, or was it not, after the revision took effect? If in force, it was a trap for the unwary. Laws which are never directly repealed sometimes become obsolete.

I do not claim that the act of 27th of February, 1855, was directly repealed by the revision of 1855. It was not revised or incorporated with the revision. I suppose it will be said that it was continued in force by virtue of the 19th sec. of chap. 96, but it was dropped out of the authorized *full body* of the laws — lost sight of — became obsolete, practically speaking, and is now only invoked to work injustice. That the Legislature by the repealing act, really intended not only to repeal the act, but to bar all actions pending under it, is a fact indisputable. The pendency of the suits was the direct inducement to the repeal of the act; whether they have done what they intended to do, is a naked question of construction for the court, upon which further argument would perhaps throw but little light.

DRYDEN, Judge, delivered the opinion of the court.

This was an action based on the act of 27th February, 1855, concerning the transportation of slaves by railroad companies (Sess. Acts 1855, p. 169), to recover double the value of a slave of the plaintiff, alleged to have been transported on the respondent's railroad, in violation of the pro-

visions of said act. Pending the suit, the act of 1855 was repealed by an act approved February 6, 1864. The respondent maintained that the effect of the repeal of the law was to abate the suit and destroy the plaintiff's right of action; and the Circuit Court, on demurrer, so held, and gave judgment for the respondent; to reverse which, the plaintiff has brought the case here by writ of error.

The judgment of the Circuit Court was erroneous. The repealing statute contained no provision with regard to actions commenced under the act repealed, but left all such actions to be controlled by the existing law. By sec. 1 art. 3, chap. 95, R. C. 1855, pp. 1021–2, it is enacted * * * * * * "nor shall any law repealing any former law, clause or provision be construed to abate, annul, or in anywise affect any proceedings had or commenced under or by virtue of the law so repealed; but the same shall be as effectual, and be proceeded on to final judgment and termination, as if the repealing law had not passed, unless it be otherwise expressly provided."

This provision preserves the plaintiff's right of action, notwithstanding the repeal of the statute by which the right was given.

Let the judgment be reversed and the cause remanded; Judge Bates concurring, Judge Bay not sitting.