By the Court.
By the revised code of civil procedure, which took effect September 1, 1878 (75 Ohio L. 804, § 5), it is provided, in relation to printing records of cases in the Supreme Court, that the plaintiff in error “ may have the printing done, or deposit with the clerk money sufficient therefor; and if he fail, for sixty days after filing the petition, to file such printed copies, or make such deposit, the petition shall he dismissed, unless the court, on good cause shown, extend the time, or dispense with such printing.”’ The provision was incorporated into the Revised Statutes (§ 6711) in the same words.
The act of 1866 (S. & S. 1) provided, among other things, “ that whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal.” That act was repealed by the Revised Statutes, ■which contain the following provision : “ Whenever a statute is repealed or amended, such repeal or amendment shall in no-manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates t.o the remedy, it shall not affect pending actions, *481 prosecutions, or proceedings, unless so expressed.” § 79. The Revised Statutes contain no other general provision saving pending actions, prosecutions, or proceedings.
The rule undoubtedly is, that where a statute is repealed without any saving as to pending suits, all right to maintain them, whether they be civil or criminal, is at an end. Sedgwick on Con. and Stat. Con. (2d ed.) 112; Calkins v. The State, 14 Ohio St. 222. In Mitchell v. Eyster, 7 Ohio (pt. 1), 257, the judge delivering the opinion remarked, that the rule did not apply to civil cases. But the true ground of the decision was that the legislature had re-enacted, without material change, the act on which the attachment was founded, and a careful examination of the statutes led to the conclusion that the legislature intended to save pending suits. Debolt v. Trust Co., 1 Ohio St. 563, 567 ; 1 Curwen, Int. 10.
In every case the inquiry is as to the intention of the law making power ; and that the legislature intended the rule prescribed in § 79 of the Revised Statutes should be applied to the statutes mentioned in and repealed by §7437 of the revision, and hence that the intention was to save matters of every sort pending when the Revised. Statutes, took effect, we entertain no doubt. They may be prosecuted in the same manner as if the revision had not been adopted. Any other construction would lead to mischievous consequences. All suits pending on January 1, 1880., would be terminated, and no one could be prosecuted for a crime committed previous to that time. A construction leading to such results is, in view of the statutory provisions referred to, wholly inadmissible. An examination of decisions in which statutory provisions similar to § 79 have been construed lends support to our conclusion in this case. Com. v. Desmond, 123 Mass. 407; U. S. v. Barr, 4 Saw. 254; Lakeman v. Moore, 32 N. H. 410; Rogers v. Pacific Railroad, 35 Mo. 153 ; Richardson v. The State, 3 Col. 122.

Motion sustainedi.