WALLACE *v.* GOODLETT.

(*Jackson.* May 30, 1900.)

1. CONSTITUTIONAL LAW. *Statute authorizing recovery on contract usurious on its face valid.*

The statute, Acts 1897, Ch. 81, authorizing recovery of principal and legal interest on a "note or other contract," notwithstanding a stipulation upon its face for an usurious rate of interest, is constitutional and valid. (*Post, pp. 676, 677.*)

Act construed: Acts 1897, Ch. 81.

Case cited: Hardaway *v.* Lilly, 48 S. W. Rep., 712 (Ch. App.).

2. BILL OF REVIEW. *What is not.*

A bill which merely seeks recovery, under Act 1897, Ch. 81, of principal and legal interest due under a mortgage that provides for usury on its face, is not and will not be treated as a bill of review of a decree rendered before the passage of said Act, refusing to enforce said mortgage on account of the usurious provision on its face, and such bill need not assail or refer to such former decree. (*Post, p, 675.*)

Cases cited: Haskins *v.* Rose, 2 Lea, 711; Bledsoe *v.* Carr, 10 Yer., 54.

3. RES ADJUDICATA. *What is not.*

A decree rendered prior to passage of Acts 1897, Ch. 81, refusing to enforce a mortgage because of a stipulation upon its face for usurious interest, is not an adjudication upon the merits that will defeat a suit to enforce the same mortgage, to the extent of principal and legal interest due thereon, brought subsequently to the passage of said Act. (*Post, pp. 675, 676.*)

Act construed: Acts 1897, Ch. 81.

Cases cited: Shields *v.* Land Co., 94 Tenn., 147; Hoggatt *v.* White, 2 Swan, 265; Hardaway *v.* Lilly, 48 S. W. Rep., 712.

4. LACHES. *Does not exist, when.*

Delay for nearly nineteen months after the passage of Acts 1897, Ch. 81, to bring suit to enforce a mortgage that provides for

Wallace *v.* Goodlett.

usury on its face to the extent of principal and legal interest, as authorized by that Act, is not such laches as will repel the complainant.  (*Post, p. 677.*)

Act construed: Acts 1897, Ch. 81.

5. LIMITATIONS, STATUTE OF.  *Not effectual against enforcement of mortgage.*

The Court will enforce and foreclose a mortgage that is not barred by the statute of ten years, although the note secured by it is barred by the statute of six years.  (*Post, p. 677.*)

6. SAME.  *Same.*

Mortgagor's possession of the mortgaged premises is not *per se* adverse, and, though continued for more than seven years after maturity of the debt secured, will not bar enforcement and foreclosure of the mortgage.  (*Post, p. 677.*)

7. CONTRACT.  *Usurious.*

A statute which affords remedy in the Courts to the extent of principal and legal interest on a contract usurious on its face, does not create any new contract between the parties.  Action for the original consideration, with legal interest thereon, was maintainable without the aid of the statute, but not on the usurious contract.  (*Post, p. 677.*)

Acts construed: Acts 1897, Ch. 81.

Cases cited: Wallace *v.* Goodlett, 93 Tenn., 598; Ottenheimer *v.* Cook, 10 Heis., 313.

8. MORTGAGES AND DEEDS OF TRUST.  *Usurious not enforceable, when.*

A stipulation in a mortgage usurious on its face that the mortgagee has the option to purchase the land by paying an additional $800, will not be enforced, especially where there has been no effectual tender of the amount.  (*Post, pp. 674, 675, 677, 678.*)

9. ASSIGNMENT OF ERRORS.  *Sufficient, when.*

When an assignment of error, which is not in itself specific and definite, is accompanied by a brief that is full, definite, and explicit, the two papers will be taken and considered as one, and together constitute a sufficient compliance with the rule of this Court as to assignments of error.  (*Post, p. 678.*)

Wallace *v.* Goodlett.

10. STATUTES. *Effect of repeal of Act giving remedy on usurious contract.*

The repeal by Acts 1899, Ch. 172, of Acts 1897, Ch. 81, giving remedy in the Courts upon contracts usurious on their face, did not have the effect to defeat a suit which had been brought under the repealed Act for the foreclosure of a mortgage usurious on its face, pending undecided in this Court on the mortgagee's appeal at the date of the passage of the repealing statute. Such suit is within the saving of ¿ 61 Shannon's Code, providing that "the repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under and by virtue of the statute repealed." (*Post, pp. 678–688.*)

Code construed: ¿ 61 (S.); ¿ 47 (M. & V.); ¿ 49 (T. & S.).

Acts construed: Acts 1897, Ch. 81; Acts 1899, Ch. 172.

Cases cited: Richardson *v.* State, 3 Cold., 122; Hill *v.* State, 5 Lea, 730; State *v.* Bank, 16 Lea, 118; Shelby County *v.* Railroad, 16 Lea, 408; McRee *v.* McLemore, 8 Heis., 442; Walters *v.* State, 2 Shan. Cas., 69; State *v.* Bank, 3 Bax., 395; Riddle *v.* State, 3 Shan. Cas., 529.

11. SAME. *Effect of repeal generally.*

The Code provision saving from the repeal of a statute any right which accrued, any duty imposed, any penalty incurred, or any proceeding commenced under and by virtue of the repealed statute, applies to statutes passed and repealed since the Code, in the absence of a contrary purpose expressed in the statutes themselves. (*Post, pp. 681–684.*)

Code construed: ¿ 61 (S.); §47 (M. & V.); ¿ 49 (T. & S.).

Case cited: Shelby County *v.* Railroad, 16 Lea, 408.

---

FROM   SHELBY.

---

Appeal from the Chancery Court of Shelby County. JNO. L. T. SNEED, Ch.

Wallace *v.* Goodlett.

L. & E. LEHMAN for Wallace.

RANDOLPH & RANDOLPH for Goodlett.

WILKES, J. This cause was heard at the last term of the Court, and a written opinion was prepared and handed down, and decree was entered reversing the decree of the Court below and remanding the cause for answer and further proceedings. The opinion then delivered is in these words:

"This is a bill to foreclose a trust deed. It was demurred to, and demurrer sustained and bill dismissed, and complainant has appealed and assigned errors.

"The controversy has been before this Court before on a similar bill, and complainant was denied relief, and her bill dismissed upon the ground that the deed of trust upon its face provides for usurious interest, and the Court held the same illegal and unenforceable. The Court further held on the former hearing that the note secured by the illegal mortgage could not be enforced against the separate estate of Mrs. Goodlett, because it did not so provide on its face, and parol testimony could not be introduced to show that there was an agreement, contemporaneous with its execution, that it should constitute such a charge.

"The case as disposed of by this Court on former hearing is reported in 9 Pickle, 598-603.

20 P—43

"The present bill avers that after the first bill was dismissed on former hearing, the General Assembly of Tennessee passed the Act of March 9, 1897, Chapter 81, and by that Act a new right of action was vested in complainant to sue upon and enforce the mortgage. This Act is as follows:

" 'A defendant sued for money may in all cases avoid the excess over legal interest by a plea setting forth the amount of the usury, and this shall be the rule whether the usury appear on the face of the note or other contract sued on, or be shown by testimony aliunde, that is to say none of the Courts of this State shall dismiss any suit on a note or other contract for money because it shows on its face that the parties have contracted for an unlawful rate of interest, but all such contracts are declared to be valid, and enforceable to the extent of the amount actually loaned, with interest thereon at · the rate of six per cent. per annum, and in all cases where usury is the only defense pleaded, judgment shall be rendered by the Courts for the principal amount with legal interest, whether usury appear on the face of the note or not.'

"The insistence is that this Act vests a new right to sue in complainant, and that she is now entitled to enforce her mortgage for the principal and legal interest. It appears that the trust deed has a provision also that in default of payment of the principal when due the complainant might

take the land by paying to the mortgage debtor $800 additional therefor. The bill seeks the alternative relief of having the trust foreclosed, or of taking the land and paying the $800. The latter proposition we need not now consider, as the $800 provided to be paid was not properly tendered, and, in view of the usury conceded to have been received, the Court would not enforce this provision.

"There are seventeen different causes of demurrer assigned, but they may be grouped. The first, second, and third proceed upon the idea that the bill is a bill of review of the former decree of this Court, and cannot be entertained, and is moreover barred by the statute of limitations. We are of opinion the present bill is not a bill of review. It does not purport to be—it does not ask a rehearing of the former suit. The object of a bill of review is to procure the reversal, alteration, or explanation of a decree made in a former suit on the ground of error of law apparent or newly discovered matter. The bill in this case concedes the correctness of the former decree, and in nowise questions it or seeks to review it. It cannot therefore be considered a bill of review. *Haskins* v. *Rose,* 2 Lea, 711; *Bledsoe* v. *Carr,* 10 Yer., 54.

"The fourth ground of demurrer virtually sets up the defense of *res adjudicata.* This contention cannot be maintained. The former adjudica-

tion was not upon the merits; on the contrary, this Court, because of usury appearing on the face of the mortgage, could not, and did not, consider the case upon its merits, but declined to do so.

"The Court upon the former hearing did not hold that the mortgage was void, but simply that, because of usury apparent on the face of the instrument, this Court would not enforce it. But now the statute having provided that such a stipulation shall not prevent a hearing of the case on its merits, suit is brought for that purpose. And we are of opinion that the Court can now consider the case while previously it could not do so. *Erskein* v. *Steele Co.,* 87 Fed. Rep., 630; *Palmer* v. *Hussey,* 87 N. Y., 303; *Utter* v. *Franklin,* U. S. Supreme Court; *Sheilds* v. *Land Co.,* 10 Pickle, 147; *Hardaway* v. *Lilly,* 48 S. W. Rep., 712; *Hoggatt* v. *White,* 2 Swan, 265; *Ewell* v. *Daggs,* 108 U. S., 143.

"The fifth, sixth, seventh, eighth, ninth, and thirteenth grounds of demurrer assail the Act of 1897 as unconstitutional and void.

"We have had occasion to examine this question recently, upon an appeal from the Court of Chancery Appeals in the case of *Hardaway* v. *Lilly,* 48 S. W. Rep., 712. There the whole question was elaborately presented and considered by the Court of Chancery Appeals, and the Act held

constitutional in an able opinion, which was affirmed by this Court orally.

"The tenth and eleventh assignments of demurrer are not well taken. They proceed upon the idea that the Court is asked to make a new contract and enforce it. Such is not the case. The contract was existing on the former trial, but could not be enforced on account of usury apparent on the face of the instrument, but under the Act of 1897 it has become enforceable, and this is now what is asked of the Court.

"The twelfth ground of demurrer is not well taken. We think the Act applies to the case at bar, and is covered by its letter and spirit.

"The thirteenth assignment sets up laches and acquiescence. This cannot be sustained. The bill could not have been maintained until the Act was passed, March 9, 1897. It was filed October 4, 1898.

"The fifteenth, sixteenth, and eighteenth assignments of demurrer set up the statute of limitations of six years and seven years. It may be the statute of six years has run against the note, but no judgment is sought on that. The statute of ten years has not run against the mortgage, and it is this which is sought to be enforced.

"The statute of seven years adverse possession of land is not applicable to this case, as the land has not been adversely held.

"The seventeenth assignment of demurrer says the

complainant exercised the option given by the trust deed to pay $800 and take possession of the land, and that she is now estopped to seek an enforcement of the trust deed, having elected the other alternative of the trust deed. This would be so if the tender of $800 had been effectual and acceded to, and the complainant had received title to the land, but this is not the case. If, however, defendant desires to stand upon this view of the case, the Court below can render a proper decree for possession of the land and for delivery up of the note and for the $800 if the parties so elect.

"We are of opinion the demurrer should not have been sustained, but should have been over-ruled, and the decree of the Court below is reversed, and the cause remanded for answer and further proceedings. Appellee will pay costs of appeal.

"It is said the assignment of errors in this case does not comply with the rules, and that they are not specific and definite. The assignments and brief are in the same printed document, and are full, definite, and explicit. No objection was made thereto except upon oral argument before this Court. This contention is not well made.            WILKES, J."

After delivery of the foregoing opinion and entry of the decree reversing and remanding the

Wallace *v.* Goodlett.

cause, attention was called to the passage of the Act of 1899, Chapter 172, repealing the Act of March 9, 1897, Chapter 81, upon the provisions of which the opinion and decision was based. Whereupon this Court directed the decree set aside and opinion withheld until the effect of the repealing Act of 1899 could be considered. And the case comes up now for consideration upon the question of the effect of the Act of 1899, Chapter 172, upon the rights, remedies, and defenses of the parties.

The Act of 1897, Chapter 81, is as follows:

"AN ACT to amend § 1950 of the Code of Tennessee, it being § 2707 of Milliken & Vertrees' compilation, providing that a defendant sued for money may avoid the excess over legal interest by a plea setting forth the amount of the usury.

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* The same being § 2707 of Milliken & Vertrees' compilation, be, and the same is hereby, so amended so that a defendant sued for money may in all cases avoid the excess over legal interest by a plea setting forth the amount of the usury, and this shall be the rule whether the usury appear on the face of the note or other contract sued on, or be shown by testimony aliunde; that is to say, none of the Courts of this State shall dismiss any suit on a note or other contract for money because it shows on its face that the parties have contracted for an unlawful rate of

interest, but all such contracts are hereby declared to be valid, and enforceable to the extent of the amount actually loaned, with interest thereon at the rate of six per cent. per annum, and in all cases where usury is the only defense pleaded, judgment shall be rendered by the Courts of this State for said principal amount with legal interest, whether the usury appear on the face of the contract sued on or no."

Section 2 repeals all laws and parts of laws in conflict with it; and section three provides that it take effect from and after its passage. It was passed March 9, 1897. Approved March 13, 1897.

The Act of 1899 is as follows:

### "Chapter 172.

"AN ACT to repeal an Act passed March 9, 1897, and approved March 13, 1897, being Chapter 81 of the Acts of 1897, entitled 'An Act to amend §1950 of the Code of Tennessee, it being §2707 of Milliken & Vertrees' compilation, providing that a person sued for money may avoid the excess over legal interest by a plea setting forth the amount of the usury.

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That said Act, Chapter 81 of the Acts of 1897, amending §1950 of the Code of Tennessee, relating to usury, be, and the same is hereby, repealed.

"Sec. 2. *Be it further enacted,* That this Act

Wallace *v.* Goodlett.

take effect from and after its passage, the public welfare requiring it.

"Passed April 6, 1899.

"SEID WADDELL,

"*Speaker of the Senate.*

"JOSEPH W. BYRNS,

"*Speaker of the House of Representatives.*

"Approved April 7, 1899.

"BENTON McMILLIN,

"*Governor.*"

The decree of this Court of 1899 was recalled for the sole purpose of having a discussion of the effect of the repealing statute on the rights of the complainants to maintain this suit.

This Act was passed while the cause was pending before this Court on appeal, and before any decision was rendered, and consequently the judgment of the Court below was not in force, but vacated by the appeal.

The statute provides (Shannon, § 61) as follows:

"The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under and by virtue of the statute repealed."

This section of the Code appears to have been first construed and applied in *Richardson* v. *The State,* 3 Cold., 122, wherein the defendant was, in 1866, convicted under an indictment returned

in 1860, of selling liquor to a slave. It was insisted that the Circuit Judge erred in refusing to arrest the judgment and quash the indictment, because, although when it was returned the Act constituted an offense, yet at the time of the trial there was and could be no such offense known to our laws. This Court answered the defense by saying that § 49 of the Code obviated the common law rule that the repeal of a statute creating an offense obliterated the offense from the statute books.

And this Court further said in *Richardson* v. *The State,* 3 Cold.; 124, the object and intention of the Legislature in passing § 49 was to provide by general law against the rule of the common law that when suits have been commenced, the repeal of the statute defeats the jurisdiction of the Courts where rights had vested, cost been incurred, etc.

We are of the opinion that § 49 is a repeal of the common law rule. This case is approved in *Hill* v. *The State,* 5 Lea, 730; also in *State* v. *Bank,* 16 Lea, 118.

In *Shelby County* v. *Railroad Co.,* 16 Lea, 408, a controversy arose as to the right of complainants to assess taxes for more than three years back under the Act of 1885, Chapter 23, which was amendatory of the Acts of 1883 and 1870.

This Court then said if the Act of 1885 had

expressly repealed the Act of 1883, the Code, § 49, has changed the common law rule as to the effect of such repeal. The trial Court was held to be clearly in error in holding that the statute (Act of 1885) was a bar to the right of the county to collect the taxes in question.

It appears from what was said in *Shelby County* v. *Railroad Co.,* that § 49 applies to statutes enacted and repealed subsequent to the adoption of the Code as well as to sections of the Code which may have been repealed.

Section 49 of the Code says expressly that the repeal of a statute does not affect (1) any rights which accrued, (2) any duty imposed, (3) any penalty incurred, (4) any proceeding commenced, under or by virtue of the statute repealed.

The right of the complainants to proceed with the prosecution of this suit, and have recovery therein, is secured by this section of the Code under two of the heads above named, to the effect that the repeal of a statute shall not affect any rights which accrued and any proceeding commenced under or by virtue of the statute repealed.

The Legislature, when they adopted this Act of 1899, must have been aware of § 49 of the Code, yet they inserted nothing· in the said Act of 1899 excluding or showing any intention of excluding from its application and enforcement any

of the benefits conferred by the statute which was repealed.

Section 49 of the Code is very plain, unambiguous, broad, and general, and makes no exception whatever.

If the Legislature had by the Act of 1899 intended to cut off the rights created by the Act of 1897 and saved by this section of the Code, they would have so declared and expressed themselves in said Act of 1899.

We can conceive no reason or ground for holding that the repeal of the Act of 1897 was excepted from the provisions of § 49 of the Code.

The effect of saving statutes like the one now under consideration in other jurisdictions has received the same construction. *United States* v. *Reisinpo,* 128 U. S., 398; *Stair* v. *The State,* 49 N. E. Rep., 591: *Sewell* v. *Hendrick,* 46 Penn., 557; *Nat. Bank* v. *Lemke,* 54 N. W. Rep., 919; *Rogers* v. *Pacific Railroad,* 35 Mo., 153: *State* v. *Boyle,* 10 Kan., 113; *Hall* v. *Hall,* 9 Atlanta (N. H.), 219; *Com.* v. *Fuller,* 48 S. W., 790; *Files* v. *Fuller,* 34 Ark., 280.

In *People* v. *McNulty,* 93 Cal., 437, the Court said:

"It is quite clear that a general saving clause, if it be in apt language to express the purpose, is as efficient as a special clause expressly inserted in a particular statute. This proposition is

too plain to need the support of authority, but there are authorities directly to the point."

It is argued with much force and entire accuracy that there is no vested right in any particular remedy, and that the Legislature, while it may not destroy a right, may still take away a remedy unless it was in existence when the contract was made, and then became part of the contract and no other adequate remedy was left.

The argument is that the effect of the Act of 1897 was not to confer a right, but to afford a remedy not previously existing, and not entering into and forming a part of the contract when made. It is further stated that previous to that Act the contract in this case was void, and could not be enforced. But this is not strictly correct. The contract was not enforceable it is true, but it was not absolutely void, inasmuch as an action could be brought upon the original consideration, and recovery could be had for so much as was not covered by the usury. It will be noted that the statute expressly provides that such contract shall be valid and enforceable to the extent of the money actually loaned and legal interest. This does not make a new contract for the parties, but simply validates the contract so as to make it good to the extent it was before, if the suit was upon the original consideration.

The original decision in *Wallace* v. *Goodlett*, reported in 9 Pickle, 598 and *sequitur*, did not

Wallace *v.* Goodlett.

hold that the usurious contract was void except in the sense that it was unenforceable (page 599). On the contrary, the Court approved the holding in *Ottenheimer* v. *Cook,* 10 Heis., 313, in which the status of a note usurious on its face was discussed, and it has held that as between the parties the note did not extinguish the debt, but that suit could be brought on the original consideration. It was true it could not be done in this case, because the charge upon the separate estate of Mrs. Goodlett could not be enforced except under the terms of the usurious instrument, as otherwise there was no specific charge upon the estate.

In *McRee* v. *McLemore,* 8 Heis., 442, the principle is expressed that while a repealed statute cannot be acted upon after it is repealed, still, with regard to all matters that have taken place under it before the repeal, they remain valid, and cannot be questioned. And the case of *Queen* v. *Inhabitants of Denton,* 14 Eng. Law & Eq. R., 127, is cited for the proposition; while the cases of *State* v. *Bank,* 3 Bax., 395; *Walters* v. *The State,* 2 Shannon Tenn. Cases, 69, and *Riddle* v. *The State,* 3 Shannon Tenn. Cases, 529, appear to hold a different doctrine, it is purely because they were suits against the State, and not against an individual, and the difference in the two classes of cases was fully considered and commented on in the case of *The State* v. *Bank,* 3 Bax.,

395, and we only refer to these cases to show that they are not applicable to this.

While an individual may be prohibited from suing or prosecuting his suit against the State, he still has his remedy by an appeal to the Legislature, which, after all, is the proper and only tribunal to determine and adjudicate such claims.

Whatever Mrs. Goodlett's rights might be under the common law rule, and whatever her remedy might be under the holdings of other Courts, we are of the opinion that her right, or, if it may be more properly styled, her remedy to enforce her mortgage is preserved to her by force of the section of the statute (Shannon, § 61) which we have referred to. She had a valid contract to the extent of the principal and interest prior to the Act of 1897, but the Court would not lend their aid to enforce it, because the fact of usury appeared on its face. If the usury had not thus appeared on the face of the instrument, the Court would have enforced it, notwithstanding its illegality. to the extent of the valid consideration. The Legislature validated her existing written contract to the further extent that she might recover the legal consideration, notwithstanding the illegal feature appeared on the face of the instrument. On the faith of this statute she commenced her proceeding and incurred costs and expense. If she is not now allowed to continue that proceeding, her only recourse, or if it be more appropriate to call it,

Wallace *v.* Goodlett.

remedy, is taken away. We think, as said in *Richardson* v. *The State,* 3 Cold., 124, that it was the intention · of the Legislature to provide against the rule of the common law that when suit has been commenced the repeal ` of a statute does away with the right of suit when cost has been incurred, etc.

The cases of *Memphis* v. *United States,* 97 U. S., 293, and *Fisher Negroes* v. *Dabbs,* 6 Yer., 119, are in accord with this holding and not opposed to it.

The opinion heretofore rendered is reaffirmed, and the cause will be remanded for further proceeding. The cost of proceedings ` in this cause will be paid by appellee.