NASHVILLE RAILWAY & LIGHT COMPANY *v.* W. E. NORVELL *et al.*

(*Nashville.*   December Term, 1909.)

1. **TAXATION.** Back assessments of property covered by Acts 1907, ch. 602, must be made under it, and cannot be made under Acts 1903, ch. 258.

The general assessment law contained in Acts 1907, ch. 602, repealed the prior general assessment law contained in Acts 1903, ch. 258; and the provision, contained in Acts 1907, ch. 602, secs. 30, 31 and 38, for the back assessment of property for taxation, became, upon its enactment, the only law for the back assessment of any property covered by it, and property cannot be back assessed under said Acts 1903, ch. 258.   (*Post, pp.* 617, 618.)

Acts cited and construed:   Acts 1903, ch. 258; Acts 1907, ch. 602, secs. 30, 31, 38, and 79.

2. **SAME.** Proceeding for back assessment commenced under a statute is not affected by its subsequent repeal, when.

A proceeding for the back assessment of property under Acts 1903, ch. 258, commenced before its repeal by Acts 1907, ch. 602, may be maintained notwithstanding such subsequent repeal, because the right is saved by statute (Shannon's Code, sec. 61.)   (*Post, pp.* 618, 621.)

Code cited and construed:   Sec. 61 (S.); sec. 47 (M. & V.); sec. 49 (T. & S. and 1858).

Acts cited and construed:   Acts 1903, ch. 258; Acts 1907, ch. 602.

Cases cited and approved: Richardson v. State, 3 Cold., 122; State v. Railroad, 14 Lea, 56, 63; State v. Bank, 16 Lea, 111, 118; Shelby Co. v. Railroad, 16 Lea, 401, 410; Wallace v. Goodlett, 104 Tenn., 670, 681, 684; State, ex rel., v. Taylor, 119 Tenn., 229.

3. SAME. Acts 1905, ch. 513, for assessment of street railway properties is wholly prospective, and back assessments cannot be made under it.

Acts 1905, ch. 513, providing a new method of assessing the property street railway companies, not previously applicable to them, and by a new set of officers who before that had no jurisdiction over them, is wholly prospective in operation, and does not authorize a back assessment for a period antecedent to its enactment, though it provides that all back assessments of street railway properties must be made under it (*Post, pp.* 618, 619.)

Acts cited and construed: Acts 1905, ch. 513.

4. SAME. Street railway property is not assessable or back assessable under Acts 1907, ch. 602, but is under Acts 1905, ch. 513.

Inasmuch as street railway property is assessable by the railroad tax assessors, under Acts 1905, ch. 513, it was not the intent or purpose of the legislature to provide for either the assessment or back assessment of street railway property under Acts 1907, ch. 602. (*Post, pp.* 619-621.)

Acts cited and construed: Acts 1905, ch. 513; Acts 1907, ch. 602, secs. 1, 2, 3, 4, 5, 21, 22, 23, 31, and 38.

Case cited and approved: State v. Railroad, 96 Tenn., 385, 407, 408.

5. SAME. No back assessment of street railway property under Acts 1903, ch. 258, or Acts 1907, ch. 602.

There can be no back assessment of street railway property for the year 1904, under Acts 1903, ch. 258, because that act is no longer in force, in a case where the proceedings for back assessment were not begun before its repeal; and there can be no back assessment thereof under Acts 1907, ch. 602, because it does not cover this class of property. (*Post, p.* 621.)

Acts cited and construed: Acts 1903, ch. 258: Acts 1907, ch. 602.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—John Allison, Chancellor.

J. M. Anderson and J. C. Bradford, for complainant.

Attorney-General Cates, E. E. Barthell, L. A. Ligon, and T. B. Lytle, for defendants.

Mr. Justice Neil delivered the opinion of the court.

This is a proceeding to test the right of the trustee of Davidson county to back-assess the property of the complainant for the year 1904. We need not refer to the facts more particularly than to say that we may assume that the assessment of 1904 was insufficient to a degree that would make it the duty of this court to hold that there should be a reassessment by the trustee of Davidson county, if he has jurisdiction in the matter under the statutes of the State. He was about to make the back-assessment when he was enjoined by the chancellor. On final hearing this injunction was made perpetual. From this decree the county trustee, and the revenue agent, James R. Jetton, who was also made a defendant, appealed to this court.

The back-assessment which was about to be made was attempted under chapter 602 of the Acts of 1907. The complainant contends that no power existed under that act because by its terms the property of street railway companies was excluded from its operation. It also insists that the power did not exist in the county trustee, because it was vested in express terms in the board of railway assessors by chapter 513 of the Acts of 1905. Defendants insist that a decision of this court rendered in 1907 (*State, ex rel.,* v. *Taylor,* 119 Tenn., 229, 104 S. W., 242) held that the power existed under chapter 258 of the Acts of 1903, and that chapter 513 of the Acts of 1905 did not vest the power in the board of railway assessors. It is also insisted by defendants that the power exists under chapter 602, Acts of 1907.

As preliminary to a disposition of the questions suggested we shall briefly trace the history of the back-assessment law as it appears in our statutes.

The first act was chapter 79, Acts 1879. By this act all collectors of taxes were made assessors, to assess all property which by mistake of law or fact had not been assessed. This act was amended by chapter 181 of the Acts of 1883, so as to provide that all collectors of taxes, so made assessors, should back-assess, in case of omitted assessments, not only for the year for which such collector was acting, but for any previous year or years, and "for all the years for which taxes ought to have been paid upon such property." This latter act was amended by chapter 23 of the Acts of 1885, so as

Railway & Light Co. v. Norvell.

to provide that the back-assessment should not extend
more than three years prior to the current year.    The
statutes of the same year contained an act (chapter 1)
which provided (section 25) that, should it, at any
time after the assessments for the current year had been
made, come to the knowledge of the chairman or
judge of the county court, the clerk of the county
court, the county trustee, sheriff, or tax collector of
any county of the State that any taxable property had
not been assessed, as contemplated by the particular
act, or had been assessed inadequately, the officers re-
ferred to should proceed to make adequate assessments.
Similar provisions, confined to the current year, are
found in several succeeding acts, viz.: Acts 1887, p. 34,
c. 2, sec. 24; Acts 1889, pp. 157, 158, c. 96, sec. 26, and
also section 48 of the same act; Acts 1895, c. 120, sec.
35; Acts 1897, p. 19, c. 1, sec. 26. It should be noted,
however, that Acts 1889, c. 96, was so amended by chap-
ter 27 of the special session of 1890 as to substantially
make it general in its terms; that amendment being in
substance the same as chapter 23, Acts of 1885, forbid-
ding reassessments to be made further back then three
years in addition to the current year.    The sections
upon the subject of back-assessments in the acts for
all of the remaining years down to and including 1907
are general in their terms, each containing a complete
scheme upon the subject, and by implication, if not in
direct terms, repealing prior acts upon the subject:
Acts 1899, pp. 1112-1115, c. 435, sec. 32; Id., p. 1159,

sec. 82; Acts 1901, pp. 334-336, c. 174, sec. 31; Id., p. 376, sec. 85; Acts 1903, p. 660, c. 258, sec. 31; Id., p. 708, sec. 81; Acts 1907, pp. 2079-2082, c. 602, sec. 30; Id., p. 2132, sec. 79. There was no general assessment law passed by the legislature of 1905. Each one of the successive acts last referred to operating as a repeal of prior acts upon the same subject, it resulted that when the act of 1907 became a law there remained no law but that act for the back-assessment of any property covered by it. There could therefore be no back-assessment under the act of 1903. The proceedings for back-assessment under that act which were considered in *State, ex rel.,* v. *Taylor,* supra, were begun in 1906, and so were saved by Shannon's Code, sec. 61, which provides that "the repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceedings commenced, under or by virtue of the statute repealed." *Richardson* v. *State,* 3 Cold., 122; *State* v. *Nashville Savings Bank,* 16 Lea, 111, 118; *Wallace* v. *Goodlett,* 104 Tenn., 670, 681, 684, 58 S. W., 343; *Shelby Co.* v. *R. R. Co.,* 16 Lea, 401, 410, 1 S. W., 32; *State* v. *R. R. Co.,* 14 Lea, 56, 63.

The view suggested and urged in complainant's brief is not a sound one, to the effect that the act of 1905 would prevent an assessment either under the act of 1903 or 1907, because it provides that all back-assessments of street railroad properties must be made under it. If such were the correct view, the court could never have decided *State, ex rel.,* v. *Taylor,* as it did. No such

view was argued, or even suggested, by the very able and experienced counsel who appeared for the street railway company in that case. Both court and counsel correctly assumed in that case that the act of 1905 was wholly prospective in its operation, as statutes usually are unless the contrary clearly appears. That act provided a new method of assessing the property of street railway companies, not previously applicable to them, and a new set of officers who before that had no jurisdiction over them. It would have been most remarkable if these officers had been required to back-assess street railway properties for a period anterior to 1905, since they would have been compelled to employ a method different from that laid down in prior acts; that is, they would have been compelled to employ the method provided by the act of 1905, and so, in case of a prior insufficient assessment, have compelled the same taxpayer to submit to two different forms of assessment of the same property for the same year. It would have to appear very clearly to the court that such was the intention of the legislature before we would recognize such a course of action. Moreover, if such were the intention of the legislature, it is far from certain that two methods so different could be administered together, and it would probably be true that the act so construed would be ineffective because incapable of enforcement.

So the case recurs upon the question whether this property can be back-assessed under the act of 1907. The solution of this question depends upon whether that act applies to street railway property. It is in-

sisted for defendants that it does so apply. We are of the opinion that it does not. It is true that section 1 of the act provides that all property, real, personal, and mixed, except that exempted under section 2, shall be taxed; that section 3 provides that personal property, privileges, and polls shall be assessed annually, and real estate every two years; and that section 4 provides that all property shall be assessed at its actual cash value. But section 5, which is addressed to the basis of assessment, excepts, in subsection 4 thereof, such properties as are assessable by the railroad assessors, providing, however, in respect of one of these, street railway property, that it shall be assessed in the city or town wherein the principal part of it lies, although the office of the company be outside of the said city or town; and section 21, which is specially directed to the method of assessing quasi public corporations, expressly exempts, in its proviso, the property of street railway companies, interurban electric railways, telegraph, and telephone companies, because assessable under "other laws." It is true the same proviso excepts from the operation of the section building and loan companies, and insurance, manufacturing, and banking companies, but does this on the ground that they are covered by sections 22 and 23 of the same act. On turning to these sections we find such to be the fact. When we turn to section 31, which, as supplemented by section 38, contains the law of back-assessments, we see that it applies only to "property or properties included in this act." We have found that street railway properties are not

included in the act, because they are of the class to be assessed by the railway assessors. Compare *State* v. *Railroad,* 96 Tenn., 385, at pages 407 and 408, 34 S. W., 1023. We have examined all of the sections of the act of 1907 referred to in the brief of learned counsel for defendants, and, indeed, the whole act, and, while there are expressions here and there favoring defendants' contention, we think it very clear from the whole act that it was not the purpose of the legislature to provide for either the assessment or back-assessment of street railway property under this act, but that the lawmaking body had in mind chapter 513 of the Acts of 1905, and did not intend to take from the officers therein referred to the assessment of the class of property therein provided for. We think that in so drawing the act the legislature overlooked the fact that there could be no back-assessment of this class of property for the year 1904, that year falling in a chasm, as it were, between the acts of 1903 and 1905, after the emasculation of the former act by the passage of the act of 1907; but this cannot change the legal result. To conclude: There can be no back-assessment of the property in question for the year 1904, under the act of 1903, because that act is no longer in force, and the proceedings to back-assess were not begun before its repeal, and there can be no back-assessment under the act of 1907 because it does not cover the class of property in question.

It results that the decree of the chancellor must be affirmed.