Hutton *v.* State *ex rel.* Moore.

(*Nashville*, December Term, 1938.)

Opinion filed July 1, 1939.

Horace Osment, of Nashville, and Nat Tipton, Assistant Attorney-General, for plaintiff in error.

Rutherford & Rutherford and Boyd Harvey, all of Nashville, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a *habeas corpus* proceeding by which the relator asks that he be discharged from the county workhouse. The trial court ordered his release, and the keeper of the workhouse has appealed.

Relator was convicted in the Criminal Court of Davidson County on June 25, 1938, for the offense of assault with intent to commit a felony, his punishment being fixed at a fine of $125 and a workhouse sentence of nine months. Relator did not ask for a new trial, but began serving his term of imprisonment immediately, which

he completed on March 25, 1939. He remained in the workhouse thirty-five days thereafter when, on April 29, 1939, he filed his petition herein, claiming that pursuant to Chapter 154, Public Acts 1937, he was entitled to be discharged. The essential provisions of that Act are as follows:

"An Act to provide for the relief of persons imprisoned and who are too poor to pay or secure fines and costs imposed by judgment of the court.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That when any person is hereafter convicted for any crime or misdemeanor and upon conviction committed, under Section 11,801 of the Code of 1932, to the county jail or workhouse for failing to pay or secure fines and costs, the clerk of the court in which the judgment is rendered shall, within five (5) days after judgment, issue an execution for the fine and costs returnable within thirty (30) days.

"Section 2. Be it further enacted, That upon or after the expiration of thirty (30) days from the date of the final judgment of commitment to the county jail or workhouse for nonpayment of fine or costs, one or both, the prisoner may file with the clerk of the court that issued the execution the oath of insolvency and the clerk shall thereupon issue an order to the sheriff or superintendent of the workhouse for the discharge of the prisoner.

"Section 3. Be it further enacted, That the prisoner's oath of insolvency shall be *prima facie* evidence of his bankruptcy and inability to pay or secure the fine and costs imposed upon him, and in the absence of proof to the contrary, the burden being upon the State, shall entitle the prisoner to a release from prison.

"Section 4. Be it further enacted, That nothing in this Act shall be construed to affect or impair the force of

any sentence of imprisonment imposed as punishment by the court for any crime or misdemeanor.

"Section 5. Be it further enacted, That nothing in this Act shall be construed to relieve a prisoner discharged upon oath of bankruptcy from civil liability for the fine and costs imposed upon him, but only to justify his release from imprisonment."

Relator duly filed the oath of insolvency, as provided in said Act, and it is conceded that had said Act been in force when he filed his petition that he would be entitled to the relief sought. It appears, however, that said Act was repealed, without any saving clause, by Chapter 181, Public Acts 1939, and became effective on March 10, 1939, which was more than a month prior to the time that relator would have been entitled to a release under the provisions of the 1937 Act.

The repeal of a statute, however, will not operate to impair rights vested under it. 59 C. J., 1186, 1187.

Section 12 of the Code provides as follows:

"The repeal of a statute does not affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

Construing this provision of the Code, this Court has held repeatedly that a conviction may be had upon an indictment or presentment for an offense that was unlawful at the time of the finding, although the statute upon which the proceeding is based may have been repealed before the conviction. *Gass* v. *State,* 130 Tenn., 581, 172 S. W., 305; *Wallace* v. *Goodlett,* 104 Tenn., 670, 58 S. W., 343; *State* v. *Nashville Savings Bank,* 84 Tenn. (16 Lea), 111; *Hill* v. *State,* 73 Tenn. (5 Lea.), 725; *Richardson* v. *State,* 43 Tenn. (3 Cold.), 122. Conversely,

48

where a benefit or right is conferred upon a person by statute such benefit or right is not lost by its repeal.

■■ It is the contention of the State that the Act of 1937 was remedial only, conferred on relator no vested right, and that it was not available to relator after its repeal.

This statute in our opinion, was not, strictly speaking, remedial in character; but was an amendment to our criminal laws prescribing the punishment to be imposed for certain offenses and should be read into those laws as a part thereof. Presumably, this statute was so understood and taken into consideration by the court and jury in fixing the punishment of relator. The judgment entered against the relator was, in effect, that he be incarcerated in the county workhouse for nine months, pay a fine of $125 and the costs of suit; but if insolvent, after serving his prison term and thirty additional days in the workhouse, for which latter time he will be allowed a credit on his fine and costs of $1 per day, he shall be discharged. Such being the punishment imposed upon relator, it seems in all fairness that he is entitled to his release. If relator is denied this right, he will have to remain in the workhouse four months longer, and his imprisonment will thereby be extended beyond the period fixed in the judgment.

For the reasons stated, the judgment of the trial court is affirmed.